# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SCOTT STRUNK, MARIA STRUNK, and HARRY STRUNK, | ) ) ) | |
| Plaintiffs, | ) | Civil No. 1:20-cv-13077-NLH-MJS |
| v. | ) ) | |
| HILLSBOROUGH TOWNSHIP BOARD OF EDUCATION and NEW JERSEY DEPARTMENT OF EDUCATION, | ) ) ) ) ) | Judge: Noel L. Hillman<br><br>Magistrate: Matthew J. Skahill |
| Defendants. | ) | |

## CASE MANAGEMENT / SCHEDULING ORDER [PROPOSED]

1.      Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

John Rue, Esq.
Attorney I.D. #: 047032005
JOHN RUE & ASSOCIATES
40 S. Fullerton Ave., Ste. 29
Montclair, N.J. 07042
(862) 283-3155
john@johnruelaw.com

*Attorneys for Plaintiff*

Robert C. Thurston, Esq.
Attorney ID #008801988
THURSTON LAW OFFICES LLC
100 Springdale Road A3
PMB 287
Cherry Hill, NJ 08003
856-335-5291
Email:
rthurston@schoolkidslawyer.com

*Attorneys for Plaintiff*

**Page 1 of 10**

| | |
|---|---|
| Vittorio S. LaPira | Carolyn G. Labin, D.A.G. |
| Fogarty & Hara | Sadia Ahsanuddin, D.A.G. |
| 21-00 Route 208 South | Joshua Bohn, D.A.G. |
| Fair Lawn, NJ 07410 | Attorney General of New Jersey |
| 201-791-3340 | 25 Market St., P.O. Box 112 |
| vlapira@fogartyandhara.com | Trenton, NJ 08625-0112 |
| | 609-376-3100 |
| *Atttorney for Defendant HTBOE* | carolyn.labin@law.njoag.gov mailto: sadia.ahsanuddin@law.njoag.gov joshua.bohn@law.njoag.gov |
| | *Attorneys for Defendant NJDOE* |

2.     Set forth a brief description of the case, including the causes of action and defenses asserted.

*Plaintiffs' Statement*

Plaintiffs' Amended Complaint (ECF #9) is the currently operative complaint in this matter.

This case is an appeal as of right from a special education administrative law decision that erroneously disregarded uncontested expert testimony that Hillsborough Township school district denied Harry Strunk a Free Appropriate Public Education ("FAPE") under federal IDEA law, despite receiving federal funds to ensure the provision of same.  The denial of FAPE was a result of HTBOE ignoring the bullying faced by Harry, his suicidal thoughts caused by the bullying, HTBOE's failure to properly and timely evaluate Harry, and other violations of IDEA.  The Administrative Law Judge below made numerous legal and factual errors that should be reversed.

The claims against NJDOE stem from procedural violations of IDEA, including the right to a timely hearing and the right to be heard by a competent hearing officer, arising out of the hearing officer's failure even to consider (i) uncontroverted expert testimony proffered by Plaintiffs; and (ii) the very gravamen of Plaintiff's complaint, which arose out of bullying of Harry Strunk. Plaintiffs were denied their legal rights to a fair, impartial due process hearing and enforcement of the laws to protect H.D. and his parents.

**Page 2 of 10**

*Defendant HTBOE's Statement*

HTBOE has answered the Amended Complaint and filed a Counterclaim (ECF #10).

Hillsborough generally agrees with the procedural history as set forth by Plaintiffs. From a factual standpoint, Hillsborough disputes the claims that it failed to provide H.S. with a FAPE, failed to investigate the alleged bullying issues, or that it in any way violated the NJLAD, the Anti-Bullying Bill of Rights Act, or any other laws giving rise to monetary damages of any sort, as set forth more particularly in Hillsborough's Answer. Insofar as its counterclaim is concerned, Hillsborough paid $4,400 as reimbursement for a neuropsychological evaluation after the OAL ordered it in a separate proceeding, and that order was reversed on appeal to the United States District Court, which the Third Circuit affirmed. It has made a demand for the return of such funds (which were only paid because there was no basis for requesting a stay of the OAL's order during the appeal), but Plaintiffs have failed to do so.

*Defendant NJDOE's Statement*

NJDOE has answered the Amended Complaint (ECF #63).

Four counts remain against the NJDOE. Specifically, Count Six alleges the NJDOE did not provide Plaintiffs with an impartial due process hearing under the IDEA. Count Seven alleges NJDOE did not provide Plaintiffs with a hearing and a decision on their due process petition within the 45-day time period as found in 34 C.F.R. § 300.515(a), (c) and N.J. Admin. Code 6A:14-2.7(j) (45-day rule). Count Eight alleges a violation of Section 504 and Count Nine alleges a violation of the Americans with Disabilities Act because Plaintiffs claim NJDOE failed to provide Plaintiffs with a timely, impartial due process hearing.

NJDOE provided Plaintiffs with an impartial due process hearing. Plaintiffs' complaints are rooted in their dissatisfaction with the ALJ's decision. Plaintiffs did not prevail in their underlying administrative hearing and, based on this alone, they claim the ALJ was not qualified and NJDOE did not provide them with an impartial hearing. Plaintiffs had a full and fair hearing before an impartial and knowledgeable ALJ. Their claims are without merit.

With respect to Plaintiffs' claims regarding the 45-day time period, the delays in Plaintiffs' case were caused by permissible adjournments they requested or to which

**Page 3 of 10**

they consented, difficulties rescheduling the hearing as a result of the parties' and the attorneys' schedules, and motion practice between the parties. Plaintiffs did not suffer any harm as a result of the alleged delays and they cannot prove an actionable procedural violation of the 45-day rule.

Finally, the Section 504 and ADA claims are based on Plaintiffs' claims that NJDOE did not provide them with a timely, impartial due process hearing. Again, Plaintiffs cannot prove an actionable procedural violation of the IDEA. Further, NJDOE did not discriminate against Plaintiffs based on their son's disability. Plaintiffs made full use of the dispute resolution system and they fail to prove violations of the ADA and Section 504.

3.     Have settlement discussions taken place? Yes _____ No __X___

      (a) What was plaintiff's last demand?
         (1) Monetary demand: $ _____
         (2) Non-monetary demand: _____
      (b) What was defendant's last offer?
         (1) Monetary offer: $ _____
         (2) Non-monetary offer: _____

4.     The parties have met pursuant to Fed. R. Civ. P. 26(f)

5.     HTBOE has provided information pursuant to Fed. R. Civ. P. 26(a)(1). The remaining parties have not exchanged the information required by Fed. R. Civ. P. 26(a)(1). Written discovery has been exchanged between Plaintiffs and Defendant HTBOE. NJDOE has recently become an active Defendant as of Judge Hillman's Opinion and Order dated March 17, 2022. NJDOE answered the Complaint on April 14, 2022.

6.     Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1). **None.**

7.     Plaintiffs and Defendant HTBOE have conducted written discovery other than the above disclosures. NJDOE has not been involved in discovery to date, but will be after pleading. Plaintiffs and HTBOE will give copies of discovery that they have exchanged to NJDOE by June 1, 2022.

8.     Proposed joint discovery plan:

(a) Discovery is needed on the following subjects:  NJDOE's system for special education dispute resolution.  NJDOE's system for training hearing officers.  NJDOE's oversight and supervision of hearing officer training, and the process of conducting due process hearings.

Plaintiffs note that much of this discovery has already been obtained in the case captioned *C.P., et al. v. New Jersey Dept. of Ed., et al.*, Civil No. 1:19-cv-12807-NLH-MJS (the "CP Class Action"), in which Plaintiffs and NJDOE are represented by the same counsel.  Plaintiffs have requested consent of NJDOE to modify the Confidentiality Order in the C.P. Class Action to permit herein so as not to duplicate efforts.  NJDOE has declined to consent and so Plaintiffs expect to bring a motion in the CP Class Action (on behalf of Plaintiffs in this case)[1] to modify the scope of the Confidentiality Order in the CP Class Action [ECF #146 paragraph 5], as follows:

5.  All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action **and any Related Action (as defined below)**, **and** shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court. **For purposes of this Order, "Related Actions" are defined below:**

   a.  **The following cases are designated as Related Actions**
       - *J.A. et al. v. Monroe Twp BOE, et al.* (1:18-cv-09580) (JA Class Action), was the first filed of all these cases.
           o *C.P. et al v. NJDOE* (1:19-cv-12154) (CP Class Action), was designated as related to J.A.
               ▪ **The following additional cases are designated as related to the C.P. Class Action**

---

[1] Plaintiffs in several of the other related cases will join in this motion, which will be brought on behalf of plaintiffs in all such cases.

**Page 5 of 10**

- *S.S., et al. v. Hillsborough Township BOE, et al.* (1:20-cv-13077)
- *C.P. v. NJDOE, et al.* (individual matter) (1:21-cv-15677)
- *The Innisfree Foundation, Inc . v. NJDOE, et al.* (1:21-cv-17672)

  o **The following additional cases are designated as related to the J.A. Class Action**
    - *J.A. o/b/o J.A. v. Monroe Twp BOE, et al.* (1:20-cv-09496)
    - *Joanna A. o/b/o J.A. v. Monroe Twp BOE, et al.* (1:21-cv-06283)
    - *M.D. and S.H. o/b/o L.D. v. Vineland City BOE, et al.* (1:19-cv-12154)
    - *K.K-M. o/b/o A.W. and R.M. v. Gloucester City BOE, et al.* (1:17-cv-11579)

  b. <u>**Additionally, any subsequently filed case in which the plaintiff designates the case as "related" on the Civil Cover Sheet, and which is subsequently assigned to Judge Hillman (or in the event that any the above cases are reassigned, any successor District Court Judge to whom the matters listed in paragraph 5(a) may be assigned), shall also be deemed a Related Action.**</u>

<u>HTBOE's Position</u>

HTBOE takes no position on the question of access to the discovery in the CP Class Action.

<u>NJDOE's Position</u>

NJDOE's position is that, prior to consenting to any amendment of the C.P. Confidentiality Order, Plaintiffs should: 1) provide proof of which cases the court has designated as C.P.-related cases, and; 2) identify which confidential documents they want to use in each of the cases they claim are related to C.P. Plaintiffs have not provided NJDOE with information satisfying either request. Not all the confidential documents are relevant or proportional to the claims alleged in the cases listed above. For example, some of the documents are files from other due process proceedings that have nothing to do with the above-listed cases. Plaintiffs' case only concerns Plaintiffs' son, not other children or their parents. There is no reason why Plaintiffs should have the sample files or the files of the C.P. plaintiffs. The discovery is not relevant or proportional to their claims.

**Page 6 of 10**

Also, the attorneys representing the State Defendants in the above-listed cases should have input into whether the confidential discovery is relevant or proportional to the claims in their cases. Even if all these cases have been designated as related to C.P., the other attorneys should have an opportunity to state their objections to the use of the confidential discovery in their cases.

Regarding future cases, the Court should not just allow open-ended use of confidential discovery in cases that have not yet been filed.  Many of the records involve protected and sensitive student information and, at a minimum, their use should be case-specific.

Moreover, on August 10, 2021, Judge Williams in C.P. issued a FERPA Order for the release of sample files.  The order required the NJDOE to reach out to the families of the sample case files, affording each family the opportunity to object to the use of the files in the C.P. case. The files are to be destroyed after the termination of the C.P. case.  The same process would have to occur for each of the cases listed above.  Amending the C.P. Confidentiality Order to include the use of all the confidential files without permitting these same families the opportunity to object would violate the C.P. FERPA Order. Moreover, these files have nothing to do with this case or the cases listed above and Plaintiffs should explain why these cases should be released in the above cases.

(b) Discovery should **not** be conducted in phases or be limited to particular issues. Explain.  Once the question of the availability of discovery obtained in the *C.P.* case has been addressed, discovery against NJDOE should proceed in the ordinary course.

(c) Proposed schedule:

> (1) Fed. R. Civ. P. 26 Disclosures – **June 30, 2022**
> (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) – **By June 30, 2022**
> (3) Service of initial written discovery  - **By August 31, 2022**
> (4) Maximum of 25 Interrogatories by each party to each other party.
> (5) Maximum of 10 depositions to be taken by each party.
> (6) Motions to amend or to add parties to be filed by **August 31, 2022**
> (7) Factual discovery to be completed by **December 31, 2022**
> (8) Plaintiff's expert report due on **February 28, 2022**
> (9) Defendants' expert report due on **March 31, 2023**

(10) Expert depositions to be completed by **April 30, 2023**
(11) Dispositive motions to be served within 45 days of completion of discovery.

(d) Set forth any special discovery mechanism or procedure requested.

**Please see Paragraph 8(a).**

(e) A pretrial conference may take place on [at the pleasure of the Court].

(f) Trial date: _____ (____Jury Trial; _X__ Non-Jury Trial).

9.    Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? Yes __X___ No_____. If so, please explain. As discussed above, Plaintiffs wish to rely upon discovery taken in the *C.P.* class action. Plaintiffs are agreeable to conducting depositions via Zoom.

10.   Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?
Yes _____ No __X___.

If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

11.   Do you anticipate entry of a Discovery Confidentiality Order? <u>See</u> L.Civ.R. 5.3(b) and Appendix S.
Yes __X___ No _____.

12.   Do you anticipate any discovery problem(s) not listed above? Describe. Yes __X___ No _____. Plaintiffs anticipate that Defendant NJDOE will raise the deliberative process objection. Plaintiffs further anticipate that NJOAL will resist third party discovery.

13.   State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such

**Page 8 of 10**

procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.)  <u>No, not at this time.  Arbitration would not work because arbitrators would have to learn and understand IDEA.  Mediation is a potential dispute resolution method if it is conducted by the U.S. Magistrate Judge familiar with the discovery and issues raised during pre-trial.</u>  NJDOE is open to mediation conducted by either a Magistrate Judge or other mediator, pursuant to Local Rule 301.1.

14.    Is this case appropriate for bifurcation? Yes _____ No _____ Plaintiffs answer "No" to this question.  HTBOE believes this case is appropriate for bifurcation in light of the fact that part of this case deals with an appeal of administrative decision, and the Court ordinarily disposes of such appeals through a motion for judgment on the administrative record. NJDOE takes no position on this at this time and reserves the right to either oppose or join a request for bifurcation/severance.

15.    An interim status/settlement conference (with clients in attendance), should be held in August 2022.

16.    The parties do <u>not</u> consent to the trial being conducted by a Magistrate Judge.

17.    Identify any other issues to address at the Rule 16 Scheduling Conference. None anticipated at this time.

**Page 9 of 10**

Dated:  May 9, 2022

/s/ *Robert C. Thurston*
Robert C. Thurston, Esq.
Attorney ID #008801988
THURSTON LAW OFFICES LLC
100 Springdale Road A3
PMB 287
Cherry Hill, NJ 08003
856-335-5291
Email:
rthurston@schoolkidslawyer.com

*Attorneys for Plaintiff*

/s/ *John Rue*
John Rue, Esq.
Attorney I.D. #: 047032005
JOHN RUE & ASSOCIATES
40 S. Fullerton Ave., Ste. 29
Montclair, N.J. 07042
(862) 283-3155
john@johnruelaw.com

*Attorneys for Plaintiff*

/s/ *Vittoriio S. LaPira*
Vittorio S. LaPira
Fogarty & Hara
21-00 Route 208 South
Fair Lawn, NJ 07410
201-791-3340
vlapira@fogartyandhara.com

*Atttorney for Defendant HTBOE*

/s/ *Carolyn Labin*
Carolyn Labin, Esq., D.A.G.
Joshua Bohn, D.A.G.
Sadia Ahsanuddin, D.A.G.
Attorney General of New Jersey
25 Market St., P.O. Box 112
Trenton, NJ 08625-0112
609-376-3100
Carolyn.labin@law.njoag.gov
Joshua.bohn@law.njoag.gov
sadia.ahsanuddin@law.njoag.gov

*Attorneys for Defendant NJDOE*